OPINION
Appellant Charles Barton appeals his conviction, in the Stark County Court of Common Pleas, for receiving stolen property. The following facts give rise to this appeal.
On June 16, 2000, a 1992 GMC van was stolen from Forrest Motors Wholesale in Canton, Ohio. During the early morning hours of June 17, 2000, Officer Andrew Kneffler received a call regarding a suspicious person at the Speedway gas station on the corner of Frank Road and Portage Street. Officer Kneffler observed the van and saw appellant and a female companion, later identified as Dorothy Sturgill, get into the van. Appellant drove out of the Speedway parking lot and proceeded east on Portage Street. As the van approached Officer Kneffler's position, he clearly saw appellant driving the van.
Officer Kneffler began following the van, in his cruiser, in an attempt to get a license plate number. Appellant next stopped the van in the Taco Bell parking lot. As Officer Kneffler pulled into the parking lot, appellant and Ms. Sturgill exited from the passenger side of the van and began walking toward the drive-through. Officer Kneffler stopped his cruiser in front of the van and exited it. Officer Kneffler yelled that he needed to talk to appellant and Ms. Sturgill. Ms. Sturgill stopped walking, however, appellant continued walking away from Officer Kneffler. When Officer Kneffler told appellant that he needed to talk to him, appellant began ranting and raving and using foul language.
Because of appellant's erratic behavior, Officer Kneffler thought appellant may have mental problems. Appellant then turned and started walking toward Officer Kneffler while continuing his hollering. Officer Kneffler began backing away from appellant because he was uncertain whether appellant was mentally unstable. Officer Kneffler told appellant to calm down and requested that he show him some identification. At that point, appellant ran away.
After appellant fled, Officer Kneffler began talking with Ms. Sturgill. Officer Kneffler placed Ms. Sturgill in the back of his cruiser while he inspected the van. The engine was running in the van and Officer Kneffler noticed that the van had no keys and that the steering column had been peeled. It was later determined that the van was the one that had been stolen the previous day from Forrest Motors Wholesale. The van was impounded and during the inventory search, a pair of bolt cutters and two screw drivers were discovered beside the driver's seat. Ms. Sturgill was released.
Detective Tyson Bissler was assigned to follow-up on the case. Detective Bissler showed Officer Kneffler a photograph array of six photographs of similar looking individuals. Officer Kneffler immediately selected appellant, from the photograph array, as the driver of the van.
The Stark County Grand Jury indicted appellant, on October 3, 2000, on one count of receiving stolen property and one count of possessing criminal tools. Appellant entered a plea of not guilty and this matter proceeded to trial on November 20, 2000. Following deliberations, the jury found appellant guilty of receiving stolen property and not guilty of possessing criminal tools. Thereafter, the trial court sentenced appellant to a prison term of fifteen months.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. APPELLANT'S CONVICTION FOR RECEIVING STOLEN PROPERTY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant contends, in his sole assignment of error, that his conviction for receiving stolen property is against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon these standards that we review appellant's sole assignment of error.
In support of his assignment of error, appellant argues the state failed to prove the element of identification beyond a reasonable doubt because the identification of him as the person driving the stolen van was neither reliable nor credible. As to Officer Kneffler's identification of him as the person driving the stolen van, appellant contends the identification was not reliable because it was dark outside and Officer Kneffler was concerned for his safety. The record indicates that at trial, Officer Kneffler testified that the parking lot where he encountered appellant was well lit. Tr. at 153. Further, Officer Kneffler was certain appellant was the driver of the stolen van. Id. at 159.
Appellant also maintains Dorothy Sturgill's identification of appellant as the driver of the stolen van also was not reliable because she is a convicted felon. It is primarily the jury's duty to assess the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,231. The jury is able to observe the witnesses testify and can evaluate body language, voice inflection, and facial expressions. These are valuable tools for assessing credibility; tools which are not available to an appellate court working from the record alone. As such, a jury's assessment of credibility is entitled to considerable deference. SeeThompkins, supra, at 390. The jury was informed that Ms. Sturgill has a felony record. Tr. at 36, 38. However, the jury was in the best position to determine whether Ms. Sturgill was telling the truth.
We conclude the record contains sufficient evidence concerning the identification of the driver of the stolen van to support appellant's conviction for receiving stolen property. Also, the jury's verdict is not against the manifest weight of the evidence as it does not appear, from the record, that the jury clearly lost its way in resolving conflicts in the evidence as it pertains to the issue of identification.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.